In re Rozel Wesinger BEATTY,
Jr. Debtor.

National City Bank, Plaintiff

v.

Rozel Wesinger Beatty, Jr., Defendant.

Bankruptcy No. 07–54799.
Adversary No. 07–02873.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Feb. 18, 2009.

Beth M. Miller, for Plaintiff.

Matthew J. Thompson, for Defendant.

## MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

This matter came on for consideration of the Motion for Summary Judgment filed by Plaintiff in this adversary proceeding (Doc # 33). No response was filed by or on behalf of the Defendant. The Plaintiff seeks entry of a judgment dismissing the Defendant's Counterclaim.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (O).

### I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary

proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the nonmoving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, all justifiable inferences must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit has articulated the following standard to apply when evaluating a motion for summary judgment:

> [T]he moving party may discharge its burden by "pointing out to the ... court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir.1997) (internal citations omitted).

## II. Findings of Fact

Having considered the pleadings, admissions on file, and affidavits, and since the Defendant presented nothing to refute the facts set forth in the affidavit, there is no dispute regarding the facts material to resolution of the Motion for Summary Judgment. Upon the record, the Court finds as follows:

In 1992, the Defendant began operating a sole proprietorship utilizing the trade name of Beatty Drywall Company. On or about August 22, 2006, the Defendant executed and delivered to the Plaintiff a Promissory Note in the original principal amount of $200,000.00 (the "Note"). The proceeds of the Note were to be used in connection with the Defendant's sole proprietorship, solely for business, commercial, or other similar purposes. The Note did not evince a consumer loan or a consumer transaction; the proceeds of the Note were not to be used for personal, family or household purposes. The Defendant has defaulted under the terms of the Note. The Plaintiff is due the principal sum of $198,193.90, plus interest, fees and other charges.

The Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on June 21, 2007. The Plaintiff followed with the Complaint commencing this ad-

versary proceeding, seeking a determination that the debt owed Plaintiff is nondischargeable pursuant to § 523 of the Bankruptcy Code.

The Defendant filed an Answer to the Complaint and a Counterclaim. The Counterclaim states simply that the Complaint is not substantially justified, that it was filed merely to harass Defendant and it is not warranted under prevailing law. Thus, posits the Defendant, when the Court finds the debt dischargeable, the Court should award judgment in Defendant's favor awarding costs and attorneys' fees pursuant to § 523(d) and Ohio Rev. Code § 2323.51(B)(1).

## III. Discussion

### A. Section 523(d) Does Not Authorize an Award of Fees and Costs.

■ Section 523(d) of the Bankruptcy Code provides that:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d).

It is undisputed that the Note evinces a commercial transaction between the parties. Under the express terms of § 523(d), an award of attorney fees and costs is only authorized in consumer transactions. Therefore, the Defendant's Counterclaim based on this provision is without merit.

### B. Ohio Rev.Code § 2323.51 Does Not Authorize an Award of Fees and Costs.

The Plaintiff asserts that the Defendant has utilized an incorrect procedural mechanism for pressing his claim to attorneys' fees and costs under Ohio Rev.Code § 2323.51. The Plaintiff contends that the statute cited by the Defendant does not contemplate a complaint (or counterclaim), but rather a motion. However, the Court need not decide that question, inasmuch as the Sixth Circuit Court of Appeals has addressed the propriety of application of the statute in federal court.

■ In *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501 (6th Cir.2002), the Sixth Circuit recognized that, under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), cases brought in federal court are governed by federal procedural law even though the cause of action may be governed by state substantive law. The Sixth Circuit further recognized that the grant or denial of attorney's fees in state law may "reflect[ ] a substantial policy of the state" and should be followed where not in conflict with federal law. *First Bank of Marietta*, 307 F.3d at 529 (*citing Alyeska Pipeline Co. v. Wilderness Soc'y.*, 421 U.S. 240, 260, n. 31, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). However, the Sixth Circuit noted that Ohio Rev.Code § 2323.51 is procedural in nature. The court also noted that the statute conflicts with Fed.R.Civ.P. 11, in that it does not contain a safe harbor provision akin to that found in Rule 11. Thus, the court concluded that § 2323.51 should not be applied in federal court.

Proceedings in bankruptcy court are subject to the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr.P. 9011 very closely mirrors Fed.R.Civ.P. 11. Rule 9011(b) essentially prohibits parties from

filing pleadings and documents (i) for the purpose of harassment, delay or increasing the cost of litigation, (ii) which are not warranted by existing law or an argument for modification or reversal of existing law, or (iii) containing factual allegations without evidentiary support. If a party wishes to seek redress for violations of Rule 9011(b), subsection (c) requires a motion, but allows the motion to be filed with the court only if the challenged document is not withdrawn after a "warning shot" is directed to the offending party. Rule 9011(c) provides in pertinent part:

> The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected. . . .

Fed. R. Bankr.P. 9011(c)(1)(A).

Moreover, Ohio Rev.Code § 2323.51 is a fee shifting provision, unlike Fed. R. Bankr.P. 9011, which limits sanctions to that "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr.P. 9011(c)(2). In fact, Rule 9011(c)(2)(A) and (B) prohibit monetary sanctions in certain instances described therein.

Thus, for the same reasons articulated by the Sixth Circuit Court of Appeals, the Defendant's Counterclaim based on § 2323.51 must fail.

## IV. Conclusion

Inasmuch as 11 U.S.C. § 523(d) does not authorize an award of attorneys' fees in non-consumer dischargeability actions, and Ohio Rev.Code § 2323.51 does not apply in bankruptcy court cases, the Defendant's Counterclaim fails to state a cause of action. Therefore, the Plaintiff's Motion for Summary Judgment is granted. A final judgment shall be entered by separate order.

IT IS SO ORDERED.